IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SPIH TYLER, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:17-CV-1292-L** |
| | § | |
| LIBERTY MUTUAL INSURANCE CO.; | § | |
| WOODSPRING HOTELS PROPERTY | § | |
| MANAGEMENT CO., (formerly | § | |
| VALUE PLACE PROPERTY | § | |
| MANGEMENT LLC); WOOD SPRING | § | |
| HOTELS CONSTRUCTION SERVICES | § | |
| LLC., (formerly VALUE PLACE | § | |
| CONSTRUCTION SERVICES); | § | |
| ZURICH AMERICAN INSURANCE | § | |
| COMPANY; IMA, INC.; | § | |
| CONTINENTIAL INSURANCE | § | |
| COMPANY; and CONTINENTAL | § | |
| CASUALTY COMPANY, | § | |
| | § | |
| Defendants.[1] | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendant IMA, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint ("Plaintiff's Complaint") (Doc. 34), filed February 15, 2018; and Defendant IMA, Inc.'s Motion for Summary Judgment (Doc. 46), filed May 18, 2018. After careful consideration of the motions, pleadings, and applicable law, the court **grants** Defendant IMA, Inc.'s Motion to

---

[1] **Spih incorrectly referred to two defendants as "American Zurich Insurance Company" and "IMA of Kansas, Inc." As indicated by the defendants in question, the correct names are "Zurich American Insurance Company" and "IMA, Inc." As Spih has not disputed this statement, the court accepts it as true. Accordingly, the court *directs* the clerk of court to amend the docket sheet to reflect the correct names of these defendants, and the court uses the correct names of these defendants in the caption of this opinion.**

**Memorandum Opinion and Order - Page 1**

Dismiss Plaintiff's Complaint (Doc. 34) and **denies as moot** Defendant IMA, Inc.'s Motion for Summary Judgment (Doc. 46).

## I. Factual and Procedural Background

Plaintiff Spih Tyler, LLC ("Plaintiff" or "Spih") originally filed this action on March 31, 2017, against Defendants Harvest Construction General Contracting, Inc. ("Harvest"), Zurich American Insurance Co. ("Zurich"), IMA, Inc. ("IMA"), Continental Insurance Company ("Continental Insurance"), and Continental Casualty Company ("Continental Casualty") in the matter styled *Spih Tyler, LLC v. Harvest Construction General Contracting, Inc., et al*, No. DC-17-03864, in the 95th Judicial District Court of Dallas County, Texas. On May 15, 2017, Defendants Continental Casualty and Continental Insurance removed this action to federal court contending that diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs.

This case has its origins in a contract related to the construction, operation, and management of a hotel Plaintiff built in Tyler, Texas. Plaintiff is a franchisee of Value Place Hotels and contracted with Harvest for the construction of the hotel. Spih alleges that the hotel suffered water damage as a result of various construction and design defects. Spih settled its claims against Harvest, the general contractor responsible for the alleged construction defects, and now seeks insurance coverage for damages to the hotel. Spih's claims against IMA, an independent insurance broker, are for alleged violations of the Texas Insurance Code. *See* Pl.'s Sec. Am. Compl. ¶¶ 67-70. According to Spih, IMA's Texas Insurance Code violations were a "producing cause" of its damages. *Id.* ¶ 68.

IMA contends that Spih's Complaint should be dismissed because it has failed to state a claim upon which relief can be granted. IMA argues that § 541.060 of the Texas Insurance Code

**Memorandum Opinion and Order - Page 2**

does not apply to adjusters or insurance agents. Def.'s Mot. to Dismiss 2. Moreover, IMA contends that Spih has pled insufficient facts to support its claims that IMA violated the Texas Insurance Code.[2] *Id.* Spih did not file a response to IMA's Motion to Dismiss Plaintiff's Complaint.

## II. Rule 12(b)(6) Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual

---

[2] Spih cites to the following provisions of § 541.060 in its Complaint: "(a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary: (1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue; (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of: (A) a claim with respect to which the insurer's liability has become reasonably clear; or (B) a claim under one portion of a policy with respect to which the insurer's liability has become reasonably clear to influence the claimant to settle another claim under another portion of the coverage unless payment under one portion of the coverage constitutes evidence of liability under another portion; (3) failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim; (4) failing within a reasonable time to: (A) affirm or deny coverage of a claim to a policyholder; or (B) submit a reservation of rights to a policyholder; (5) refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy." Pl.'s Compl. 35-37 (citing Tex. Ins. Code Ann. § 541.060 (a)1-5 (West 2017)). Spih also cites to §§ 542.060 and 542.003 of the Texas Insurance code; however, it does not allege specific facts to support a claim under either section against IMA. *Id.*

**Memorandum Opinion and Order - Page 3**

allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp*., 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record."' *Funk v. Stryker Corp.*, 631

F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

## III. Discussion

IMA contends that various federal courts in Texas and state courts of appeal have held that certain provisions of § 541.060 of the Texas Insurance Code cited by Spih do not apply to adjusters or insurance brokers. Def.'s Mot. to Dismiss 2. IMA further contends that Spih's allegations are

insufficient to support its claims against IMA. IMA contends that Spih "failed to plead specific facts – as opposed to broad legal conclusions." Def.'s Mot. to Dismiss 6. IMA also argues that Spih's Complaint refers to IMA as an insurance adjuster and at other times refers to IMA as an insurance agent. *Id.* at 5. IMA states that it is an independent insurance broker and has no authority to adjust, investigate, or settle claims for any insurance company. *Id.* at 6.

The court agrees that Plaintiff has failed to plead sufficient facts to support its allegations. Plaintiff's allegations are a mere recital of the statutory provisions of § 541.060. *See* Compl. 35-36. In quoting the statute, Spih fails to state any facts to support any provision of § 541.060. Spih's Complaint contains at most four instances in which it makes factual allegations against IMA. *See* Compl. ¶¶ 17, 43, 44, 67. These paragraphs allege the following:

> 17. On or about January 2016 Plaintiff gave notice of claim against to defendants IMA, Continental Insurance Company, American Zurich Insurance Company and Continental Casualty Co. of the occurrence of property damage arising from construction defects. Each wholly failed to investigate the claims, adjust the claims and comply with the requirements of the Texas Insurance Code and engaged in deceptive trade practices. IMA was also agent for Notice under the Liberty Mutual policy.
>
> . . .
>
> 43. At all relevant times, IMA was noticed of the claims by Plaintiff and WOODSPRING Hotels Property Management CO., (formerly Value Place Property Management LLC) and the Named Insured, Value Place Holdings, LLC, with on site and direct knowledge of the Occurrences under the policy had the duties to report insurance claims consistent with the requirements unique to the Texas Policy Rider. Either Value Place Management submitted the claims described in this complaint, or was negligent in failing to do so. If Woodspring, and/or IMA as the agent, adjuster and designated Party for notice, submitted the claim timely, then Liberty Mutual had the following duties l. Our Duties After Loss 1. Within fifteen (15) days after we receive your written notice of claim, we must: a. Acknowledge receipt of the claim, If our acknowledgement of the claim is not in writing, we will keep a record of the date, method and content of our acknowledgement; b. Begin any investigations of the claim; c. Specify the information you must provide in accordance with C.C. Your Duties After a Loss below. We may request more information, if during the investigation of the claim such additional information is necessary. 2. After we receive the information we

request, we must notify you in writing whether your claim will be paid or has been denied or whether more information is needed: a. Within fifteen (15) business days; or b. Within thirty (30) days if we have reason to believe the loss resulted from arson. 3. If we do not approve payment of your claim or need more time for processing your claim, we must: a. Give the reasons for denying your claim; or, b. Give the reasons we require more time to process your claim. But, we must either approve or deny your claim within forty-five (45) days after requesting more time. 4. If we notify you that we will pay your claim, or part of your claim, we must pay within five (5) business days after we notify you. 44. Liberty Mutual did not adjust the claims, investigate the Occurrences of Covered Losses, approve payment, pay or give reasons for denying the claims. At all relevant times, IMA and WOODSPRING Hotels Property Management CO., (formerly Value Place Property Management LLC) and the Named Insured, Value Place Holdings, LLC had actual knowledge and the contractual responsibility to comply with the Policy claim reporting requirements.

. . .

67. Plaintiff, SPIH Tyler, incorporates the foregoing paragraphs by reference as though fully set forth herein. Defendants Insurance Companies' actions violate Texas Insurance Code §§ 541.060, 542.060 in that they involve:

> • misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;
> • failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;
> • failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement under one portion of a policy of a claim with respect to which the insurer's liability has become reasonably clear in order to influence the claimant to settle an additional claim under another portion of the coverage, provided that this prohibition does not apply if payment under one portion of the coverage constitutes evidence of liability under another portion of the policy;
> • failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;
> • failing within a reasonable time to affirm or deny coverage of a claim to a policyholder or submit a reservation of rights to a policyholder;
> • refusing to pay a claim without conducting a reasonable investigation with respect to the claim.
> • Defendant IMA is alleged to have violated section 541.060 solely in its capacity as an adjuster of claims under one or more policies issued by other insurance company defendants.

Compl. ¶¶ 17, 43, 44, 67. These factual allegations are insufficient to support Spih's claims against IMA. Moreover, from what the court can ascertain, Spih relies on § 541.060 of the Texas Insurance Code; however, in a few instances it wanders off into other sections of the Texas Insurance Code (§§ 542.060 and 542.003) and provides little or no meaningful factual allegations as to how these sections of the Texas Insurance Code might support a claim upon which relief can be granted.

As the Supreme Court stated, a complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The allegations of Spih's Complaint are simply insufficient to allow the court to reasonably infer that IMA is liable to Spih for any conduct set forth in the provisions of § 541.060 or any section of the Texas Insurance Code. The court, therefore, determines that Spih has failed to state a claim upon which relief can be granted. As the court determines that Spih has failed to meet threshold pleadings standards required to state a claim upon which relief can be granted, it necessarily fails to meet the heightened pleading standard required under rule 9(b) for misrepresentation under the Texas Insurance Code. Accordingly, the court will dismiss Spih's claims against IMA for failure to state a claim upon which relief can be granted and deny as moot IMA's Motion for Summary Judgment.

## IV. Amendment of Pleadings

Spih did not file a response to IMA's Motion to Dismiss; nor did it request to amend its pleadings in the event the court determined that it failed to state a claim. The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182

(1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

When a plaintiff has previously amended its pleadings, "[a]t some point, a court must decide that a plaintiff has had fair opportunity to make its case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986); *see also Schiller*, 342 F.3d at 567 (citation omitted). Spih has filed one amended complaint since this action was removed to federal court; and the court relied on the amended pleading in reaching its decision. The court believes that permitting a third pleading to state a claim would be an inefficient use of the parties' and the court's resources, would cause unnecessary and undue delay, and would be futile.

This is particularly important here, as Spih failed to respond to IMA's dispositive motions and did not request to amend. Because of these failures, the court believes that Spih has stated its "best case" and that it cannot improve upon or supplement the allegations as pleaded. The court, therefore, concludes that Spih cannot set forth additional allegations to state a claim upon which relief can be granted regarding its claims and that further attempts to amend would be futile. As a further ground for disallowing amendment of the pleadings, the court determines that such further attempts would unnecessarily delay the resolution of this action. Accordingly, the court will not allow Spih a further opportunity to amend its pleadings.

## V. Conclusion

For the reasons herein stated, the court: (1) **grants** Defendant IMA, Inc.'s Motion to Dismiss Plaintiff's Complaint (Doc. 34); (2) **denies as moot** Defendant IMA, Inc.'s Motion for Summary Judgment (Doc. 46); and (3) **dismisses with prejudice** Plaintiff's claims against IMA for violations of the Texas Insurance Code. A judgment in favor of IMA will be issued by separate document as required by Federal Rule of Civil Procedure 58.

**It is so ordered** this 17th day of August, 2018.

Sam A. Lindsay
United States District Judge