IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SPIH TYLER, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:17-CV-1292-L** |
| | § | |
| **LIBERTY MUTUAL INSURANCE CO.;** | § | |
| **WOODSPRING HOTELS PROPERTY** | § | |
| **MANAGEMENT CO., (formerly** | § | |
| **VALUE PLACE PROPERTY** | § | |
| **MANGEMENT LLC); WOOD SPRING** | § | |
| **HOTELS CONSTRUCTION SERVICES** | § | |
| **LLC., (formerly VALUE PLACE** | § | |
| **CONSTRUCTION SERVICES);** | § | |
| **ZURICH AMERICAN INSURANCE** | § | |
| **COMPANY; IMA, INC.;** | § | |
| **CONTINENTIAL INSURANCE** | § | |
| **COMPANY; and CONTINENTAL** | § | |
| **CASUALTY COMPANY,** | § | |
| | § | |
| Defendants.[1] | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Zurich American Insurance Company's Motion for Judgment on the Pleadings and Motion for Summary Judgment (Doc. 41), filed April 24, 2018. After careful consideration of the motions, pleadings, and applicable law, the court **grants** Defendant's Motion for Judgment on the Pleadings and **denies as moot** Defendant's Motion for Summary Judgment (Doc. 41).

---

[1] **Spih incorrectly referred to two defendants as "American Zurich Insurance Company" and "IMA of Kansas, Inc." As indicated by the defendants in question, the correct names are "Zurich American Insurance Company" and "IMA, Inc." As Spih has not disputed this statement, the court accepts it as true. Accordingly, the court** *directs* **the clerk of court to amend the docket sheet to reflect the correct names of these defendants, and the court uses the correct names of these defendants in the caption of this opinion.**

**Memorandum Opinion and Order - Page 1**

I.  **Factual and Procedural Background**

Plaintiff Spih Tyler, LLC ("Plaintiff" or "Spih") originally filed this action on March 31, 2017, against Defendants Harvest Construction General Contracting, Inc. ("Harvest"), Zurich American Insurance Co. ("Zurich"), IMA, Inc. ("IMA"), Continental Insurance Company ("Continental Insurance"), and Continental Casualty Company ("Continental Casualty") in the matter styled *Spih Tyler, LLC v. Harvest Construction General Contracting, Inc., et al*, No. DC-17-03864, in the 95th Judicial District Court of Dallas County, Texas. On May 15, 2017, Defendants Continental Casualty and Continental Insurance removed this action to federal court contending that diversity of citizenship exists between the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs.

This case has its origins in a contract related to the construction, operation, and management of a hotel Plaintiff built in Tyler, Texas. Plaintiff is a franchisee of Value Place Hotels and contracted with Harvest for the construction of the hotel. Spih alleges that the hotel suffered water damage as a result of various construction and design defects. Spih settled its claims against Harvest, the general contractor responsible for the alleged construction defects, and now seeks insurance coverage for damages to the hotel. Spih's claims against Zurich are for alleged violations of the Texas Insurance Code and breach of contract. Spih alleges that Zurich breached a commercial general liability policy, policy #ECN 436S6470, with Spih. *See* Compl. 2, 29-30, 35-37.

Zurich contends that Spih's breach of contract claim cannot exist as pleaded, and that its "extra-contractual claims are insufficiently pleaded under Fed. R. Civ. P. 8 while its misrepresentation-based statutory claims fail to comply with Fed. R. Civ. P. 9(b)." Def.'s Mot. Dismiss 2-3. Zurich further contends that Spih has failed to develop any evidence in support of

**Memorandum Opinion and Order - Page 2**

its other causes of action. Spih did not file a response to Zurich's Motion for Judgment on the Pleadings or Motion for Summary Judgment.

## II.     Rule 12(c) Standard for Judgment on the Pleadings

Any party may move for judgment on the pleadings after the pleadings are closed and when it would not delay the trial. Fed. R. Civ. P. 12(c). "Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply) . . . ." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 at 213 (3d ed. 2004) (footnote omitted). If, however, "a counterclaim, cross-claim, or third-party claim is interposed, . . . the filing of a reply to a counterclaim, crossclaim answer, or third-party answer normally will mark the close of the pleadings." *Id.* (footnote omitted). A "defendant may not move under Rule 12(c) prior to filing an answer." *Id.* at 214.

A motion brought pursuant to Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citation omitted). A court, when ruling on a motion for judgment on the pleadings pursuant to Rule 12(c), applies the same standard as that used for a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Doe v. MySpace, Inc.,* 528 F.3d 413, 418 (5th Cir. 2008) (citation omitted); *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) (citation omitted).

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177,

180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp*., 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a

**Memorandum Opinion and Order - Page 4**

plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-established and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

**III.     Discussion**

Zurich contends that Spih failed to state claim upon which relief can be granted because it did not issue a commercial general liability policy or commercial property to Spih. Zurich states that it instead issued Spih a *builder's risk policy*.[2] A builder's risk policy is a policy that provides coverage for the material and equipment used in the construction of a building. *See* Def.'s App. 000008. Zurich further contends that the policy language Spih quotes in its Complaint, which states that the insurance carrier "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage'" is inapplicable to it because Zurich did not issue a commercial general liability policy to Spih. Zurich further argues that the quoted language in Spih's Complaint does not exist in its builder's risk policy. According to Zurich, even if its builder's risk policy were to be considered a commercial general liability policy, it would not apply to construction defects caused by Harvest because the policy insures Spih, not Harvest. Moreover, Zurich states that the builder's risk policy explicitly excludes losses for design defects and faulty construction.

As it relates to Zurich's violations of the Texas Insurance Code, Zurich contends that Spih's allegations are deficiently pled. Zurich argues that Spih has failed to offer any specific allegations against it and that its claims are conclusory, merely track the statutory langue, and provide a rote recitation of the elements of the cause of action asserted.

---

[2] As noted above, the pleadings include the complaint and any documents attached to it. *Collins*, 224 F.3d at 498-99. Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp.*, 987 F.2d at 431). In Spih's Complaint, it referenced policy #ECN 436S6470, and Zurich attached the policy to its motion. The court determines that the policy is central to Spih's claims against Zurich, and, therefore, will consider the policy as part of the pleadings.

**Memorandum Opinion and Order - Page 6**

The court agrees. Spih's allegations related to § 541.060 are a mere recital of the statutory provisions of § 541.060 and do not have underlying facts for the court to reasonably infer that Zurich would be liable under any provision of § 541.060. *See* Compl. 35-36. In quoting the statute, Spih fails to state any facts to support any violation of § 541.060. Spih's Complaint contains one instance in which it makes a factual allegation against Zurich. *See* Compl. ¶ 17. This paragraph alleges the following:

> 17. On or about January 2016 Plaintiff gave notice of claim against to defendants IMA, Continental Insurance Company, American Zurich Insurance Company and Continental Casualty Co. of the occurrence of property damage arising from construction defects. Each wholly failed to investigate the claims, adjust the claims and comply with the requirements of the Texas Insurance Code and engaged in deceptive trade practices. IMA was also agent for Notice under the Liberty Mutual policy.

*Id.* This factual allegation is insufficient to support Spih's claims against Zurich. Moreover, from what the court can ascertain, Spih relies on § 541.060 of the Texas Insurance Code; however, in a few instances it wanders off into other sections of the Texas Insurance Code (§§ 542.060 and 542.003) and provides little or no meaningful factual allegations as to how these sections of the Texas Insurance Code might support a claim upon which relief can be granted.

As the Supreme Court stated, a complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The allegations of Plaintiff's Complaint are simply insufficient to allow the court to reasonably infer that Zurich is liable to Spih for any conduct set forth in the provisions of § 541.060.[3]

---

[3] As the court determines that Spih has failed to meet the threshold pleading standard under Rule 12(b)6 as it relates to its claims under § 541.060 of the Texas Insurance Code, it necessarily fails to meet the heightened pleading standard required under Rule 9(b) for any purported claim for fraud or mistake.

**Memorandum Opinion and Order - Page 7**

The court further determines that Spih has failed to state a claim upon which relief can be granted as it relates to its breach of contract claim against Zurich. Spih also failed to provide any underlying facts for the court to reasonably infer that Zurich would be liable for breach of contract. The pleadings clearly establish that Zurich issued Spih a builder's risk policy and not a commercial general liability policy as alleged by Spih. *See* Def.'s App.000008. Moreover, even if the court were to assume that the builder's risk policy was a commercial general liability policy as alleged by Spih, the policy explicitly excludes losses for design defects, faulty construction, and water damage. *See* Def.'s App. 000029-000030. The parties do not dispute that the hotel damage occurred due to design defects during the construction of the hotel. *See* Compl. 8. The court, therefore, determines that Spih has failed to state a claim upon which relief can be granted. As the court determines that Spih has failed to meet threshold pleadings standards required to state a claim upon which relief can be granted, it will not address the merits of Zurich's Motion for Summary Judgment. Accordingly, the court will grant Zurich American Insurance Company's Motion for Judgment on the Pleadings for failure to state a claim upon which relief can be granted and deny as moot Zurich's Motion for Summary Judgment.

## IV. Amendment of Pleadings

Spih did not file a response to Zurich's motions; nor did it request to amend its pleadings in the event the court determined that it failed to state a claim. The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay,

bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

When a plaintiff has previously amended its pleadings, "[a]t some point, a court must decide that a plaintiff has had fair opportunity to make its case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986); *see also Schiller*, 342 F.3d at 567 (citation omitted). Spih has filed one amended complaint since this action was removed to federal court; and the court relied on the amended pleading in reaching its decision. The court believes that permitting a third pleading to state a claim would be an inefficient use of the parties' and the court's resources, would cause unnecessary and undue delay, and would be futile.

This is particularly important here, as Spih failed to respond to IMA's dispositive motions and did not request to amend. Because of these failures, the court believes that Spih has stated its "best case" and that it cannot improve upon or supplement the allegations as pleaded. The court, therefore, concludes that Spih cannot set forth additional allegations to state a claim upon which relief can be granted regarding its claims and that further attempts to amend would be futile. As a further ground for disallowing amendment of the pleadings, the court determines that such further attempts would unnecessarily delay the resolution of this action. Accordingly, the court will not allow Spih a further opportunity to amend its pleadings.

V.     **Conclusion**

For the reasons herein stated, the court **grants** Defendant's Motion for Judgment on the Pleadings and **denies as moot** Defendant's Motion for Summary Judgment (Doc. 41).

Accordingly, Spih's claims against Zurich for violations of the Texas Insurance Code and breach of contract are **dismissed with prejudice**. A judgment in favor of Zurich will be issued by separate document as required by Federal Rule of Civil Procedure 58.

**It is so ordered** this 17th day of August, 2018.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge